# Order

Michigan Supreme Court
Lansing, Michigan

July 26, 2013

144721

SCOTT and JEANNE WOODBURY,
          Plaintiffs,
and

CENTER WOODS, INC.,
          Plaintiff-Appellant,

v

RES-CARE PREMIER, INC.,
          Defendant-Appellee,
and

RUTH AVERILL,
          Defendant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

SC: 144721
COA: 297819
Saginaw CC: 09-006758-CH

On order of the Court, this case having been argued and submitted, we direct the Clerk to set this case for resubmission in the October 2013 session. Further, the Court having concluded that it would be assisted by supplemental briefing, we DIRECT the parties to file supplemental briefs addressing the following issues: (1) whether § 925(2) of the Nonprofit Corporation Act (NCA), MCL 450.2101 *et seq.*, applies retroactively or prospectively to validate "all contracts entered into and other rights acquired" during dissolution; (2) whether renewal pursuant to § 925 permits an administratively dissolved corporation to enforce contracts and rights not related to winding-up in light of MCL 450.2833 and MCL 450.2834; (3) whether *Bergy Bros, Inc v Zeelend Feeder Pig, Inc*, 415 Mich 286 (1980), correctly interpreted MCL 450.1925, the analogous provision in the Business Corporation Act, MCL 450.1101 *et seq.*; and (4) whether the common-law doctrine of corporation by estoppel is applicable here. Additionally, assuming arguendo that § 925(2) applies retroactively to validate "all contracts entered into and other rights acquired" during the interval of dissolution, we further direct the parties to address: (5) whether Center Woods' rights to a thirty-day notice of the sale of the property at issue and the right of first refusal were "acquired" during the interval of Center Woods' dissolution; and, if not, (6) whether those rights were nevertheless enforceable after Center Woods renewed its corporate good standing pursuant to § 925. Finally, assuming

arguendo that the rights to notice and first refusal are enforceable, we direct the parties to address:  (7) what remedy is available to Center Woods against the seller and purchaser of the property at issue, given that the sale was finalized during the interval of Center Woods' dissolution; and (8) whether Res-Care preserved any objection to the trial court's choice of remedy in this case.

The briefs of appellants are to be filed not later than August 21, 2013 and the briefs of appellees not later than September 11, 2013.  The parties may request reargument pursuant to MCR 7.312(E).

The Business Law Section of the State Bar of Michigan, the Michigan Chamber of Commerce, and the Department of Licensing and Regulatory Affairs are invited to file briefs amicus curiae.  Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 26, 2013



t0726

Clerk